IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

                Plaintiff,

          v.

ANDRE SIMMONS,

                Defendant.

OPINION AND ORDER

13-cv-287-bbc
09-cr-122-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Defendant Andre Simmons has filed a timely motion for post conviction relief under 28 U.S.C. § 2255, raising 13 challenges to his 2011 conviction of five counts of distribution of crack cocaine in violation of 21 U.S.C. §§ 841 and 851 and 18 U.S.C. § 2.  I conclude that defendant cannot proceed on any of the claims, for various reasons.  Accordingly, his motion will be denied.

From the record, I find the following facts.

RECORD FACTS

On August 26, 2009, defendant was charged by a grand jury with five counts of knowingly and intentionally distributing a mixture or substance containing cocaine base, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2.  Erika Bierma was appointed to represent defendant, but on February 16, 2010, defendant asked for new counsel and the

court appointed Paul F. X. Schwartz.  More than six months later, defendant discharged Schwartz and declined the court's offer to appoint a third attorney to represent him.  The court conducted a hearing to determine that defendant was making an informed decision to proceed pro se and later appointed Schwartz as standby counsel.  On September 13, 2010, the government filed an information under 21 U.S.C. § 851, giving defendant notice that he would be subjected to enhanced penalties if he was convicted.

Defendant chose to waive his right to a jury.  A bench trial began on December 6, 2010, ending in a finding that defendant was guilty on all counts.  On January 4, 2011, defendant requested appointment of counsel for appeal and Ronald Benavides was appointed.

The presentence report prepared by the probation office calculated a base offense level of 28 (assuming that defendant's relevant conduct involved at least 112 grams of crack cocaine but no more than 196 grams), and then added four levels because defendant was an organizer or leader in the criminal conspiracy, two levels for aggravating role in the offense and two levels for obstruction of justice for committing perjury during his trial for a total offense level of 36.  With a criminal history category of VI, defendant had a guideline range of 324 to 405 months.

The government advocated a reduction in the drug amount to 51 grams, so as to avoid the possibility of double counting.  If this estimate were adopted by the court, defendant's offense level would be 26 rather than 28 and his total offense level would be 34 rather than 36, with a guideline range of 262 to 327 months.  At sentencing, I adopted the

2

drug estimate but otherwise agreed with the probation office's recommendation to add levels for defendant's role in the offence, his aggravating role and his obstruction of justice.  The result was that defendant's total offense level was 34 and his guideline range was 262 to 427 months.  I found that a guideline sentence was greater than necessary to achieve the statutory purposes of sentencing and I sentenced defendant to a term of 240 months on each count, with the terms to run concurrently.

Defendant filed a notice of appeal, still represented by Ronald Benavides.   After Benavides withdrew, the court of appeals appointed new counsel to represent defendant. Appellate counsel filed a brief under <u>Anders v. California</u>, 386 U.S. 738 (1967), along with a request to withdraw, arguing that the court had erred in allowing defendant to represent himself, the evidence was insufficient for conviction, the application of U.S.S.G. § 2D1.1(b)(14) violated the *ex post facto* clause and the court erred in calculating the amount of cocaine attributable to defendant.  The court of appeals rejected all of the arguments. Defendant did not respond to his appointed counsel's motion to withdraw or supplement counsel's <u>Anders</u> brief with his own arguments.


OPINION

A preliminary matter must be addressed at the outset.  Defendant contends that this court must recuse itself from hearing his motion because it committed procedural error by making a perjury determination at sentencing without explaining its reasons for doing so. Dft.'s M., dkt. #1, at 24.  Under 28 U.S.C. § 144, a judge is required to recuse herself if a

party "files a timely and sufficient affidavit" alleging that she has "a personal bias or prejudice" against him or in favor of any adverse party.  Defendant's contention fails on both grounds.  He has not filed an affidavit laying out his reasons for seeking recusal and he has not alleged any grounds for believing that this court has a personal bias or prejudice against him.  His disagreement with a ruling made earlier in this case is not a valid reason for recusal; it is the nature of the job that a judge will make rulings disfavoring one side or another.  Recusal requires more than "mere conclusions, opinions, or rumors."  United States v. Balistrieri, 779 F.2d 1191, 1199 (7th Cir. 1985).  The party seeking recusal must show that the judge's bias is "personal rather than judicial and that it stems from an extrajudicial source."  Id. (citations omitted).  Defendant is complaining about a decision made in the course of sentencing him, not about a personal bias stemming from an extrajudicial source.

If defendant believed that this court committed a procedural error at the time of his sentencing, he should have raised that issue on appeal.  It is not a ground for recusal.

I turn then to defendant's claims, which can be grouped loosely into three categories. (Many, if not most, of the claims fit in more than one category, but it does not seem necessary to discuss all the ways in which they warrant dismissal.)

The first category includes the claims that defendant is raising in his post conviction motion and he that he also raised on appeal:  (1) the court failed to make an independent determination of the amount of cocaine base attributable to defendant, Dft.'s M., dkt. #1, at 9-11; (2) the evidence was insufficient to establish his guilt, id. at 20; (3) the court violated his right to counsel in allowing him to represent himself, Id. at 24; and (4) the court

4

lacked subject matter jurisdiction over the case and convicted him of a non-existent offense, id. at 15, which is a variation of his challenge to the sufficiency of the evidence, and is therefore barred as well. (In support of this last claim, defendant argues that the government did not prove the necessary element of possession, id., because it never proved that the transactions at issue involved him. However, possession was not an element of the offence; defendant was charged with aiding and abetting the distribution of cocaine base.)

It is well established that a § 2255 motion is "'neither a recapitulation of nor a substitute for a direct appeal.'" Varela v. United States, 481 F.3d 932, 935 (7th Cir. 2007) (quoting McCleese v. United States, 74 F.3d 1174, 1177 (7th Cir. 1996)). The law of the case doctrine prevents such reargument, absent changed circumstances, which do not exist in this case. Id. at 936.

The second category of claims includes those that defendant could have raised on appeal but did not. A defendant is barred from raising such claims in a § 2255 motion because the motion is not intended to be a substitute for direct appeal. Id.; Prewitt v. United States, 83 F.3d 812, 816 (7th Cir. 1996). Defendant can avoid this procedural bar by showing good cause for his failure to raise the claims on direct appeal and actual prejudice if he is not allowed to raise the claims or that "a refusal to consider the issue would lead to a fundamental miscarriage of justice." Prewitt, 83 F.3d at 816 (citing Reed v. Farley, 512 U.S. 339, 354 (1994)).

Defendant has not shown any good reason why he could not have raised the claims in this category on direct appeal. Even if his appointed counsel refused to raise them, the

court of appeals gave him an opportunity to add claims after his counsel filed an <u>Anders</u> brief.  In any event, defendant has failed to show that he would be prejudiced if he were not allowed to raise the claims now and there is no reason to think that a refusal to consider these claims would lead to a fundamental miscarriage of justice.  Therefore, I will deny his motion as it relates to the following claims:  (1) the court erred in adding points for obstruction of justice, <u>id</u>. at 24; (2) the court erred in admitting expert testimony, <u>id</u>. at 23; (3) the government failed to comply with the notice requirements of 21 U.S.C. § 851, <u>id</u>. at 12; (4) the court denied him access to law books, <u>id</u>. at 25; and (5) the court allowed the government to put in evidence of defendant's prior convictions and prior bad acts, <u>id</u>. at 4-5. (Claims 3, 4 and 5 could also be denied on the ground that they lack any factual support.)

The third category includes miscellaneous claims:  (1) the investigating officer ignored witness Shannon Simmons's request for counsel in violation of <u>Miranda v. Arizona</u>, 384 U.S. 436 (1966), <u>id</u>. at 6-9; (2) the government coerced Shannon Simmons into testifying by threatening her with the loss of her child, <u>id</u>. at 17-19; (3) defendant would not have committed the crimes had the government not entrapped him, <u>id</u>. at 13-14; and (4) his counsel was constitutionally ineffective because he did not tell defendant about the plea agreement by the government was offering, <u>id</u>. at 25.

The first and second of these third category claims can be discussed together because both relate to alleged efforts to predetermine Shannon Simmons's trial testimony.  Even if it were true that she was not read her rights, which the government denies, or that she was

threatened with the loss of custody of her child into disclosing facts incriminating defendant, the general rule is that constitutional rights such as the Fifth Amendment rights defendant is raising are personal to the individual and cannot be asserted by a third party. United States v. Salvucci, 448 U.S. 83, 86-87 (1980) (defendants charged with crimes of possession may claim benefits of exclusionary rule only if their own Fourth Amendment rights have been violated).

The third claim in this category fails for a different reason. Defendant has not supported his claim of entrapment with an affidavit to that effect, as he must before the court is required to hold an evidentiary hearing on the allegation. Galbraith v. United States, 313 F.3d 1001, 1009-10 (7th Cir. 2002) (court need not hold evidentiary hearing on § 2255 unless movant files a detailed and specific affidavit showing that he has actual proof of allegations going beyond mere unsupported assertions); see also Aleman v. United States, 878 F.2d 1009, 1012 (7th Cir. 1989); Prewitt, 83 F.3d at 816. Even if defendant had filed the required affidavit, it is highly unlikely he could succeed on it. A review of the trial record shows that the evidence at trial would not have supported an entrapment defense; the "inducement" for defendant to return to drug dealing was a call from an informant asking for $200 worth of cocaine base, which is far from the "extraordinary inducement" that might support a defendant's assertion that he was not predisposed to commit the crime. In any event, defendant was not denied his right to present an entrapment defense; as he himself notes, he was only advised by his standby counsel that it would not be effective. Dft.'s M., dkt. #3, at 13. Moreover, he could have argued the issue

7

on direct appeal, but waived his right to do so.

Defendant's fourth claim rests on his contention that his counsel was ineffective because he did not tell defendant that the government had offered a plea bargain. He has not filed an affidavit to that effect, whereas the government has filed the affidavit of Paul F. X. Schwartz, who was representing defendant at the time, together with a copy of a June 7, 2010 letter from Schwartz to defendant, repeating the terms of the proposal and warning him of the probable consequences of his failure to accept it. Dkts. ##11-5, 11-4. It is always possible that a lawyer would withhold a plea agreement favorable to his client, but the unlikelihood of that happening is great enough that it is particularly important for the moving party to file an affidavit fleshing out his claims. Without such an affidavit, defendant's claim of ineffectiveness of counsel must be denied.

In a motion to amend his post conviction motion, dkt. #12, defendant contended that he is entitled to resentencing under the Supreme Court's recent decision in Alleyne v. United States, 133 S. Ct. 2151 (2013). He is wrong, for two reasons. First, the Court held in Alleyne, that any fact that increases the mandatory minimum penalty is an "element of the crime" and must be submitted to the jury. None of the facts found at defendant's sentencing could have had the effect of increasing the mandatory minimum penalty for defendant's offenses, because the offenses do not carry a mandatory minimum penalty. Second, the Supreme Court has not held that Alleyne is applicable to cases on collateral review, Simpson v. United States, 721 F.3d 875, 876 (7th Cir. 2013), and it is improbable that it will, since it has never given retroactive application to its holding in Apprendi v. New

Jersey, 530 U.S. 466 (2000), that the court cannot make the decision whether the defendant's conduct meets the requirements for a mandatory *maximum* sentence.

In summary, all of defendant's claims must be denied.

Under Rule 11 of the Rules Governing Section 2255 Proceedings, the court must issue or deny a certificate of appealability when entering a final order adverse to a defendant. To obtain a certificate of appealability, the applicant must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); Tennard v. Dretke, 542 U.S. 274, 282 (2004). This means that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003) (internal quotations and citations omitted). Defendant has not made a substantial showing of a denial of a constitutional right so no certificate will issue. Although the rule allows a court to ask the parties to submit arguments on whether a certificate should issue, it is not necessary to do so in this case because the question is not a close one.

ORDER

IT IS ORDERED that defendant Andre Simmons's motion to amend his motion for post conviction relief under 28 U.S.C. § 2255, dkt. #12, is GRANTED, and his motion for post conviction relief, dkt. #1, is DENIED for his failure to show that he is entitled to such relief.  Further, it is ordered that no certificate of appealability shall issue. Defendant may

seek a certificate from the court of appeals under Fed. R. App. P. 22.

Entered this 20th day of September, 2013.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge